THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AHMAD POOLE (K95348), | ) |
| Plaintiff, | ) ) ) Case No. 20-CV-0014 |
| v. | ) ) ) Honorable Manish S. Shah |
| DR. E. AGUINALDO, *et al.*, | ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS, DEREK JABUREK AND ALPHONSO NORMAN'S RULE 56.1 STATEMENT OF FACTS**

Plaintiff Ahmad Poole, by and through his undersigned attorneys, pursuant to Local Rule 56.1 (b) respectfully submits this response to Derek Jaburek and Alphonso Norman's Rule 56.1 Statement:

**PARTIES**

1. Plaintiff Ahmad Poole ("Plaintiff") is an inmate in the custody of the Illinois Department of Corrections ("IDOC"). (Exhibit 1, 17:20-18:6; https://idoc.illinois.gov/offender/inmatesearch.html, K95348, Poole, Ahmed.)

    **RESPONSE: Undisputed.**

2. Plaintiff was housed at Stateville Correctional Center ("Stateville") during the relevant time. (Exhibit 1, 17:20-18:6.)

    **RESPONSE: Undisputed.**

3. Defendant Derek Jaburek was a Lieutenant at Stateville during the relevant time. (Ex. 1, 134:9-135:19; Exhibit 2, 30:22-32:11.)

**RESPONSE: Undisputed.**

4. Defendant Alphonso Norman was Correctional Officer at Stateville during the relevant time. (Ex. 1, 34:22-35:5.)

**RESPONSE: Undisputed.**

## JURISDICTION AND VENUE

5. Jurisdiction is proper for this cause of action, which was brought pursuant to 42 U.S.C § 1983 for alleged violation of Plaintiff's Eighth Amendment constitutional rights. The court has subject matter jurisdiction pursuant to 28 U.S.C.§§ 1331 and 1343(a).

**RESPONSE: Undisputed.**

6. Venue is proper in the Northern District of Illinois, Eastern Division, because the constitutional violations Plaintiff's alleges occurred at Stateville Correctional Center, located in Joliet, Illinois. Joliet, Illinois is within the Northern District of Illinois, Eastern Division.

**RESPONSE: Undisputed.**

## UNDISPUTED MATERIAL FACTS

7. On August 17, 2017, Plaintiff had an altercation with his cellmate. (Ex.1, 57:3-19.)

**RESPONSE: Undisputed.**

8. Plaintiff testified the altercation occurred around 2:40 or 2:50 pm. (Ex.1, 57:20-58:1; 139:8-140:3.)

**RESPONSE: Undisputed.**

9. First shift is between 7:00 am and 3:00 pm, and second shift is between 3:00 pm

and 11:00 pm. (Ex. 1, 63:11-12).

**RESPONSE: Undisputed.**

10. Plaintiff and his cellmate initially had a heated exchange of words. (Ex.1, 63:8-64:11.)

**RESPONSE: Undisputed.**

11. The altercation became physical, and Plaintiff's cellmate grabbed Plaintiff's hair and held Plaintiff in a headlock while "thrashing" Plaintiff around, while Plaintiff fought back. (Ex. 1, 64:12-67:4.)

**RESPONSE: Undisputed, but clarify Poole's fight or flight mode was activated because he "felt like [he] was going to die". ECF 147-1 (Poole Dep.) 65:14-16.**

12. Plaintiff believes the actions of his cellmate during this fight caused a fracture in his neck. (Ex. 1, 69:13-20.)

**RESPONSE: Undisputed.**

13. Correctional officers arrived, came into the cell, separated Plaintiff and his cellmate, and then escorted them out of the cell. (Ex. 1, 67:5-18.)

**RESPONSE: Undisputed.**

14. Plaintiff has no medical training. (Ex. 1, 13:16-21; 32:5-7.)

**RESPONSE: Undisputed.**

15. Plaintiff did not feel any pops or cracks in his neck during the altercation with his cellmate. (Ex. 1, 68:11-69:3; 72:16-73:3.)

**RESPONSE: Undisputed, but clarify Poole initially did not feel pain in his neck because of the adrenaline. Immediately after the altercation was over, "it felt like**

**a building fell on [Poole's] neck.". ECF 147-1 (Poole Dep.) at 72:21-24; 73:1-13.**

16. Plaintiff began having concerns about his neck after the correctional officers entered his cell and he stood up after being handcuffed. (Ex. 1, 73:4-13.)

**RESPONSE: Undisputed.**

17. Plaintiff "immediately" relayed that information to the officers who were with him. (Ex. 1, 73:4-16.)

**RESPONSE: Undisputed.**

18. Plaintiff was escorted directly to the Healthcare Unit by Defendant Jaburek after being removed from his cell. (Ex. 1, 70:22-5; 73:19-23; 140:8-3.)

**RESPONSE: Undisputed.**

19. Defendant Jaburek has no medical training beyond CPR. (Ex. 2, 19:25- 21; 50:11-51:1-52:1; Ex. 4, pp. 4-8.)

**RESPONSE: Undisputed.**

20. It is protocol of the Illinois Department of Corrections that individuals in custody be seen by medical professionals to evaluation. (Ex. 1, 149:7-10; Ex. 2, 22:16-25:3; 43:20-46:3; Ex .3, 20:16-21:10.)

**RESPONSE: Undisputed.**

21. Between the time the fight ended and the time Plaintiff was escorted to the Healthcare Unit was less than five minutes. (Ex. 1, 140:11-141:3.)

**RESPONSE: Undisputed.**

22. The walk from Plaintiff's cell in B House to the Healthcare Unit was "fast…it's a block, but it's in twists and turns. You know, it don't take long." (Ex. 1, 141:4-11.)

**RESPONSE: Undisputed.**

23. Plaintiff was placed in a bullpen or holding cell outside the Healthcare Unit by Defendant Jaburek. (Ex. 1, 73:19-23; Ex. 2, 35:15-36:15.)

**RESPONSE: Undisputed.**

24. "They only allow so many inmates in the healthcare at one time, so they would use the outside bullpen as a holding tank." (Ex. 1, 75:24-76:2.)

**RESPONSE: Undisputed.**

25. After Defendant Jaburek secured Plaintiff in the bullpen, he entered the Healthcare Unit. (Ex. 1, 149:12-18.)3

**RESPONSE: Undisputed.**

26. On August 17, 2017, Plaintiff was escorted into the Healthcare Unit from the bullpen by Defendant Jaburek. (Ex. 1, 79:3-15.)

**RESPONSE: Undisputed.**

27. Plaintiff's medical records state that he was seen by Defendant Dr. Aguinaldo in the Healthcare Unit at Stateville at 3:50 pm on August 17, 2017. (Ex. 1, 79:16-80:5; 82:2-4; 145:1-147:11; Ex. 1b.)

**RESPONSE: Undisputed.**

28. Plaintiff was given stitches on his cheek while in the Healthcare Unit. (Ex. 1, 150:23-4.)

**RESPONSE: Undisputed.**

29. Plaintiff was given pain medication by the medical professionals in the Healthcare Unit on August 17, 2017. (Ex. 1, 84:5-85:23.)

**RESPONSE: Undisputed, but clarify the pain medication was Tylenol 500. ECF 147-1 (Poole Dep.) at 84:5-8.**

30. Plaintiff did not have any visible injuries following the altercation with his cellmate other than scratches. (Ex. 1, 151:5-8.)

**RESPONSE: Undisputed, but clarify Poole made complaints of severe pain in his neck to Lt. Jaburek. ECF 147-3 Poole 2037-2044 (Plaintiff Grievance) at 2040. ECF 147-1 (Poole Dep.) at 150:17-22.**

31. Plaintiff did not have pain in his chest after the altercation with his cellmate. (Ex. 1, 151:9-10.)

**RESPONSE: Undisputed.**

32. Plaintiff did not have difficulty breathing after the altercation with his cellmate. (Ex. 1, 151:11-12.)

**RESPONSE: Undisputed.**

33. After evaluation by the medical professionals in the Healthcare Unit, Plaintiff was escorted to segregation by Defendant Jaburek. (Ex. 1, 149:19-150:5; Ex. 2, 38:6-40:1; Ex. 2, 48:3-8.)

**RESPONSE: Undisputed.**

34. On August 30, 2017, Dr. Obaisi ordered that Plaintiff be given a neck brace and be taken to St. Joseph's Hospital. (Ex. 1, 93:16-94:19; 154:10-155:11; Ex. 1a.)

**RESPONSE: Undisputed.**

35. Dr. Obaisi sent Plaintiff to St. Joseph's Hospital for evaluation of a neck injury. (Ex. 1, 95:8-15; 101:11-24; 154:10-18.)

**RESPONSE: Undisputed, but clarify Poole understood he was being referred to**

**an outside treater for a fracture in his neck. ECF 147-1 (Poole Dep.) at 101:20-24.**

36. On August 30, 2017, Plaintiff was escorted by Defendant Norman and Officer Hackett to St. Joseph's Hospital. (Ex. 1, 95:8-96:1; 96:18-97:18; 153:5-8;155:12-156:3; 162:1-15.)

**RESPONSE: Undisputed.**

37. Plaintiff was escorted by Defendant Norman and Officer Hackett from the Healthcare Unit to St. Joseph's Hospital in a state vehicle. (Ex. 1, 99:18-97:18;156:5-157:24; Ex. 3, 46:10-48:2.)

**RESPONSE: Undisputed.**

38. There was a procedure in place for security staff regarding the transport of individuals in custody from the Healthcare Unit to outside healthcare facilities in August of 2017. (Ex. 3, 46:10-48:2.)

**RESPONSE: Undisputed.**

39. Defendant Norman has no medical training beyond CPR. (Ex. 3, 46:1-9; Ex. 5, pp. 4-8.)

**RESPONSE: Undisputed.**

40. Officer Hackett drove Plaintiff from Stateville to St. Joseph's Hospital. (Ex. 1, 163:15-21.)

**RESPONSE: Undisputed.**

41. Plaintiff was seated behind Officer Hackett for the drive from Stateville to St. Joseph's Hospital. (Ex. 1, 158:1-5.)

**RESPONSE: Undisputed.**

42. The drive from Stateville to St. Joseph's Hospital on August 30, 2017 was thirty minutes or less. (Ex. 1, 159:3-14.)

**RESPONSE: Undisputed.**

43. The drive from Stateville to St. Joseph's Hospital on August 30, 2017 was uneventful. (Ex. 3, 49:50:19.)

**RESPONSE: Disputed because the citation does not support the statement.**

44. It was policy for Plaintiff to be placed in a seatbelt for the drive from Stateville to St. Joseph's on August 30, 2017. (Ex. 3, 51:23-52:11.)

**RESPONSE: Undisputed that it was policy for prisoners to be placed in a seatbelt during transport, but clarify Poole testified he was not buckled in a seatbelt and was unable to buckle himself in because he was restrained from his ankles and his wrists. ECF 147-1 (Poole Dep.) at 158:3-17.**

45. Plaintiff's medical records from St. Joseph's Hospital from August 30, 2017 state that he refused pain medication offered to him. (Ex. 1. 104:22-107:6; Ex. 1a, p. 2 of 5 / 27.)

**RESPONSE: Undisputed that the medical documents state Poole refused pain medication, but dispute that pain medication was ever offered to Poole and further dispute that Poole declined pain medication. ECF 147-1 (Poole Dep.) at 105:5-14; 108:7-10.**

46. Defendant Norman and Officer Hackett were relieved from their escort duty of Plaintiff at St. Joseph's Hospital by other officers from Stateville. (Ex. 1, 161:10-23; Ex. 3, 49:2-10.)

**RESPONSE: Undisputed.**

Dated: October 30, 2023

                                                                         Respectfully submitted,

                                        By:    /s/ Maria Makar
                                                        *One of his Attorneys*

Stephen Weil
Maria Makar
LOEVY & LOEVY
311 North Aberdeen Street
Chicago, IL 60607
makar@loevy.com